IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JESSE LEE HAMMOND**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:05cv398HTW-JCS**

**MARK SHEPHERD, et al.**                                                                         **DEFENDANTS**

ORDER

Upon consideration of the conditions of confinement complaint filed pursuant to 42 U.S.C. § 1983 by the plaintiff in the above entitled action, the Court finds as follows.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The plaintiff names the McComb Police Department and the Pike County Board of Supervisors as defendants in this cause. Under state law, the McComb Police Department and the Pike County Board of Supervisors are extensions of the City and the County, respectively, rather than separate legal entities that may be named as parties in an action. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Hence, the plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against defendants McComb Police Department and the Pike County Board of Supervisors under these allegations.

**IT IS THEREFORE ORDERED**

1. That the McComb Police Department and the Pike County Board of Supervisors be dismissed without prejudice as defendants in this action.

  2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

  3. That the United States District Clerk is hereby directed to issue summons to the defendants[1], **MARK SHEPHERD, STEVE RUSHING, WILLIE PATTERSON, GREGORY S. WOODWARD,** <u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order to each complaint that will be served on the named defendants.  The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

  4. That each of the defendants file his answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

  5. That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

  6. That the plaintiff should understand that this order allowing process to issue

---

[1] The plaintiff has provided the following addresses for the defendants: Sheriff Mark Shepherd, Pike County Sheriff's Department, 2109 Jesse Hall Road, Magnolia MS 39652; Officer Steve Rushing, Pike County Sheriff's Department, 2109 Jesse Hall Road, Magnolia MS 39652; Officer Willie Patterson, Pike County Sheriff's Department, 2109 Jesse Hall Road, Magnolia MS 39652; and Detective Gregory S. Woodard, 501 Beech Street, McComb MS 39648.

against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 11th day of May, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:05-cv-398 WS